395 P.2d 827

**Eugene JOWERS, Plaintiff-Appellant,**

**v.**

**COREY'S PLUMBING & HEATING, also sometimes known as Cory Plumbing & Heating, and Mountain States Mutual Casualty Company, Defendants-Appellees.**

**No. 7506.**

Supreme Court of New Mexico.

Oct. 13, 1964.

Catron & Catron, Santa Fe, for appellant.

O. Russell Jones and J. E. Gallegos, Santa Fe, for appellees.

COMPTON, Chief Justice.

The claimant appeals from an order dismissing his complaint for workmen's compensation benefits for failure to file his claim therefor within the time required by § 59-10-13.6, N.M.S.A., 1953 Comp., which reads:

"59-10-13.6. Claim to be filed for workmen's compensation—Effect of failure to give required notice or to file claim within time allowed.—A. If an employer or his insurer fails or refuses to pay a workman any installment of compensation to which the workman is entitled under the Workmen's Compensation Act [59-10-1 to 59-10-37], after notice has been given as required by section 59-10-13.4 New Mexico Statutes Annotated, 1953 Compilation, it is the duty of the workman, insisting on the payment of compensation, to file a claim therefor as provided in the Workmen's Compensation Act, not later than one [1] year after the failure or refusal of the employer or insurer to pay compensation."

The facts are not in dispute. The claimant sustained a compensable injury for which he received compensation benefits from the date of the injury on January 24, 1961 through May 30, 1961, payable in regular semi-monthly installments, the last installment bearing date May 30, 1961. On June 2, 1961, the claimant returned to work for the employer. By check dated July 3, 1961, however, the claimant received compensation payment for two days, May 31, 1961 and June 1, 1961, after which no further payments were made. The claim was filed June 28, 1962.

The appellant contends that the period of limitation commenced to run July 3, 1961, when he was compensated for May 31, 1961 and June 1, 1961. This contention cannot be sustained. The statute is clear; the next regular semi-monthly installment would have been payable June 16, 1961, and it was the failure to make the payment on that date that set the period of limitation running. It follows that the claim was untimely filed.

In Garcia v. New Mexico State Highway Department, 61 N.M. 156, 296 P.2d 759, we had occasion to consider the statute, and in disposing of the case we said:

"* * * The difference is that under our law the act which sets the period of limitation running is the failure or refusal of the employer to pay any workmen entitled thereto any *installment* of the compensation to which such workman may be entitled.

"The qualifying word 'installment' does not appear in the statute of limitations of any other state among the many we have examined and which have been called to our attention.

"We are of opinion that the use of this word in the limitation provision,

considered in conjunction with other provisions of the act set out above, compels the conclusion that the period of limitation commences to run upon the failure or refusal of employer or insurer to pay the regular semi-monthly benefits established under the act. * * *"

The judgment must be affirmed, and it is so ordered.

CARMODY and CHAVEZ, JJ., concur.