595 P.2d 765

Eva Lynn ROLLINS, Plaintiff-Appellee,

v.

ALBUQUERQUE PUBLIC SCHOOLS and Mountain States Mutual Casualty Company, their insurer, Defendants-Appellants.

No. 3685.

Court of Appeals of New Mexico.

March 27, 1979.

Writ of Certiorari Denied April 25, 1979.

Lawrence H. Hill, Civerolo, Hansen & Wolf, P.A., Albuquerque, for defendants-appellants.

William E. Snead, Ortega & Snead, Albuquerque, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Plaintiff sued defendants to recover workmen's compensation benefits arising out of an accidental injury that occurred on February 2, 1976. Judgment was entered for plaintiff and defendant appeals. We reverse.

Plaintiff was employed by the Albuquerque Public Schools as a homebound teacher. On February 2, 1976, plaintiff fell and injured her knees. Compensation benefits were paid up to March 8, 1976, on which date plaintiff returned to work. She remained in her employment until January 7, 1977 when a second accidental injury occurred in which plaintiff suffered a fractured hip and surgery.

On November 1, 1976, two months prior to the second accidental injury, Albuquerque Public Schools became self-insured. From January 8, 1977, it began paying plaintiff maximum compensation benefits for temporary total disability. Thereafter, plaintiff did not return to work and retired.

Plaintiff developed a condition in her knees known as post traumatic arthritis, a permanent and progressive disease which became disabling on August 1, 1977. From August 1, 1977 to March 9, 1978, the time of trial, plaintiff was suffering (1) temporary total disability resulting from the hip fracture, and (2) total permanent disability resulting from the knee injury. During this period, plaintiff was receiving maximum compensation for the hip injury. On May 24, 1977, plaintiff filed her claim and was awarded maximum compensation benefits for the knee injury.

The question presented by defendants is:

Was plaintiff's claim for the first injury filed prematurely inasmuch as plaintiff was receiving maximum compensation benefits for the second injury, both arising out of the same employment and the same employer?

The answer is "yes."

Section 52–1–69, N.M.S.A.1978 entitled "Premature filings," reads in part:

No claim shall be filed by any workman who is receiving maximum compensation benefits . . . .

"Maximum compensation benefits" means "total disability." At the time plaintiff's claim was filed, plaintiff was receiving maximum compensation benefits. One purpose of § 52–1–69 is to bar a suit to establish *liability* for compensation. *Arther v. Western Company of North America,* 88 N.M. 157, 538 P.2d 799 (Ct.App.1975). Liability is admitted by payment of maximum compensation benefits. It has been suggested that when liability is established, a claim filed for a lump sum award is not premature. *Briscoe v. Hydro Conduit Corporation,* 88 N.M. 568, 544 P.2d 283 (Ct.App. 1975), Sutin, J., Specially Concurring. Otherwise, an employer must not be put to the expense of defending a claim when total disability is admitted.

Section 52–1–69 is applicable when maximum compensation benefits are being paid by reason of the second injury because this section is broad and expansive. No mention is made of claims arising out of successive accidental injuries during work in the same employment under the same employer. "No claim shall be filed" means any workman receiving maximum compensation benefits is totally disabled and shall not file

a claim regardless of what accidental injury or injuries caused total disability. Plaintiff's disability from the knee and hip injuries constituted one form of disability, not two. To defeat prematurity, we would be compelled to add an exception to § 52–1–69:

> *Except,* a claim can be filed for the first injury when maximum compensation benefits are received in a subsequent accidental injury arising out of the same employment under the same employee.

*Or*

> No claim shall be filed by any workman receiving maximum compensation benefits *for the first injury.*

If § 52–1–69 were limited to the first injury, payment of maximum compensation benefits arising out of a second accidental injury would be irrelevant.

When maximum compensation benefits are refused or reduced, a workman can then file a claim for maximum compensation benefits to establish total disability arising out of the original and subsequent accidental injuries.

A workman can only be 100% totally disabled. He cannot be 200% disabled unless the Workmen's Compensation Act provides for double recovery while a workman is engaged by the same employer. *Fox v. Hartford Accident & Indemnity Company,* 130 Ga.App. 104, 202 S.E.2d 568 (1973). Georgia's workmen's compensation provisions were repealed in 1978. To allow double recovery, plaintiff would receive approximately $278.37 per week as maximum compensation payments, $124.97 per week paid for the second injury and $153.40 per week awarded by the court for the first injury. We are unable to find anywhere in the Workmen's Compensation Act or by judicial opinion that maximum compensation benefits can exceed that provided for in the Act. Section 52–1–41(A) reads in part:

> *For total disability* the workman shall receive, during the period of that disability, sixty-six and two thirds percent of his average weekly wages, not to exceed a *maximum compensation* of ninety dollars ($90.00) a week  . . .. [Emphasis added.]

Section 52–1–41(A) means that a workman cannot be totally disabled doubly and receive $278.37 per week. To construe it otherwise would grant a workman a "windfall," fundamentally inconsistent with the nature of the Act. *Harrison v. Lakey Foundry Corporation,* 361 Mich. 677, 106 N.W.2d 521 (1960); 2 Larson's Workmen's Compensation Law, § 59.41 (1976).

Plaintiff receiving maximum compensation benefits when her claim was filed, it was premature.

We foresee problems arising with reference to (1) Albuquerque Public Schools as an insured and a self-insured employer during the period that compensation benefits were paid or are to be paid; (2) what effect benefits to be paid on the first injury may have on payments theretofore made by the self-insurer on the second injury; (3) the application of § 52–1–47, N.M.S.A.1978, raised on appeal by defendants, but presently inapplicable, which provides for reduction of compensation benefits paid or payable on account of any prior injury; and (4) whether the "Subsequent Injury Act," § 52–2–1, N.M.S.A.1978, et seq. is applicable.

These and any other problems raised on this appeal must await further proceedings in the district court, a judgment rendered and an appeal taken.

Reversed.

IT IS SO ORDERED.

WALTERS, J., concurs.

HENDLEY, J., specially concurs.

HENDLEY, Judge (specially concurring).

I concur in the result reached by the majority.

Section 52–1–47(B), N.M.S.A.1978, is controlling. It states in part:

> "Compensation benefits for  . . . any combination of disabilities  . . . shall not exceed an amount equal to six hundred multiplied by the maximum

weekly compensation payable at the time of the accidental injury resulting in disability . . ."

Here plaintiff was receiving payments for total disability and would be precluded from filing a claim. Section 52–1–69, N.M. S.A.1978.