619 P.2d 852

Linda OWENS, Plaintiff–Appellant,

v.

EDDIE LU'S FINE APPAREL, Insured, and United States Fidelity and Guaranty Co., Defendants–Appellees.

No. 4547.

Court of Appeals of New Mexico.

Oct. 16, 1980.

Benjamin S. Eastburn, Hynes, Eastburn & Hale, Farmington, for defendants–appellees.

R. Thomas Dailey, Farmington, for plaintiff–appellant.

## OPINION

ANDREWS, Judge.

Linda Owens is a claimant under the Workmen's Compensation Act for injuries suffered September 1, 1976, when she fell and crashed through a glass window at the base of some steps at the place of her employment, Eddie Lu's Fine Apparel. Ms. Owens remained at her job, even though she worked at a diminished capacity, from the date of the accident until she discontinued her employment January 31, 1977. Her final paycheck was for a period ending February 1, 1977.

Through February, 1977, and into March of that year, Ms. Owens repeatedly sought medical benefits from her employer and its insurer, United States Fidelity and Guaranty Company (USF&G). In April, according to claimant's uncontested testimony, she telephoned an employee of USF&G and was told to "start going to the doctor and tell him it's a state comp case and have him send us the bills."

After seeking the assistance of the State Labor and Industrial Commission and receiving no satisfaction, the claimant sought the advice of Albuquerque counsel in May, 1977. The present action was filed on March 2, 1978 by a second attorney who has ably represented her throughout this case.

The trial court, pursuant § 52–1–31(A), N.M.S.A. 1978, which provides that the workman must "file a claim . . . not later than one year after the failure or refusal of the employer or insurer to pay compensation," dismissed the action on a motion for summary judgment. The court found that there was no material issue of fact as to the failure of plaintiff to file her claim within the statutory period, "and no action on the part of the defendants caused her not to file the claim within the time permitted. . . ."

Plaintiff raises two issues on appeal. First, she contends that § 52–1–30(A), N.M.S.A. 1978, includes language which should be read in conjunction with all other sections of the Workmen's Compensation Act, and in particular with § 52–1–31(A). According to her argument, the thirty–one day period established in § 52–1–30(A), should be tacked onto the one year limitation of § 52–1–31(A).

Second, the trial court assumed that the plaintiff had been led to believe that compensation would be paid. It noted "if nothing more factually was presented than what she stated in the affidavit, it wouldn't be sufficient to prove that she could reasonably rely on it." According to plaintiff, this comment reflects an erroneous shift in the burden of proof under the summary judgment rule. Plaintiff also contends that the record demonstrates a factual issue as to the reasonableness of her belief; and therefore, she is entitled to a hearing on the merits under § 52–1–36, N.M.S.A. 1978 Comp.

Under § 52–1–30(A), when compensation is paid in installments, the first installment is due not later than thirty–one days after disability occurs. It is urged in this appeal that this thirty–one day period should not be counted until plaintiff terminated her work on February 1, 1977. Or, stated another way, plaintiff claims she had one year and thirty–one days in which to file her compensation claim after February 1, 1977; and, therefore, a filing on March 2, 1978, was timely. First we note that findings of fact are not required in a summary judgment proceeding, *Akre v. Washburn*, 92 N.M. 487, 590 P.2d 635 (1979). Nevertheless, plaintiff in this appeal argues that there is no "finding" of plaintiff's knowledge of a compensable injury prior to January 31, 1977. Since at the summary judgment hearing, plaintiff conceded that, but for the tolling provision of § 52–1–31(A), the limitation period of one year and thirty–one days began to run on September 1, 1976, the date of the injury, this assertion is frivolous. A workmen's compensation claim filed prior to October 3, 1976, would have been premature, *Moody v. Hastings*, 72 N.M. 132, 381 P.2d 207 (1963). After October 3, 1976, plaintiff could have filed for workmen's compensation, *see Noland v. Young Drilling Company*, 79 N.M. 444, 444 P.2d 771 (Ct.App.1968), because plaintiff's deposition is uncontradicted that she knew she had a partial disability from September 1, 1976.

Section 52–1–31(A) states the one year period is tolled during the time the workman remains employed by the employer for whom he was employed at the time of the accidental injury, up to a maximum of one year. The one year period for filing a workmen's compensation claim, which would have begun on October 2, 1976, was tolled by plaintiff's continued employment, until February 1, 1977, the day she discontinued employment. One year later, February 1, 1978, the limitation period had run. A March 2, 1978, filing was late. Section 52–1–31(A) makes no reference to the time at which installments of compensation become due; rather, the section establishes a procedure and remedy to be effected when the employer or insurer "fail or refuse to pay . . . any installment of compensation. . . ." Section 52–1–31(A) is explicit. It provides a one year period of limitations. If the workman fails to file a claim within the time required by the section, his claim is "forever barred." The thirty–one day period for paying the first installment of com-

pensation provided in § 52–1–30 has no applicability to the one year limitation period of § 52–1–31(A).

As stated in *Stasey v. Stasey*, 77 N.M. 436, 440, 423 P.2d 869 (1967):

..., in view of the express language of our statute as to the effect of a failure to timely file suit, which language we cannot ignore; the uniform position taken by this court over so many years in the construction and application of this language; the fact that the legislature has never taken any action to change this statutory language so as to accomplish a result different from that expressly stated, or to in any way alter or detract from this court's construction of the language of this limitation statute ... we are not inclined to reverse our position adhered to over so many years.

Plaintiff's second issue on appeal involves § 52–1–36, which is a tolling provision: The failure of any person entitled to compensation under the Workmen's Compensation Act to give notice, file any claim or bring suit within the time fixed by the Workmen's Compensation Act shall not deprive such person of the right to compensation where the failure was caused in whole or in part by the conduct of the employer or insurer which reasonably led the person entitled to compensation to believe the compensation would be paid.

■ The trial court expressed its view that unless the conduct of the defendants caused the plaintiff not to file her claim until the limitation period had run, § 52–1–36 was not applicable. While language from *Lasater v. Home Oil Company*, 83 N.M. 567, 494 P.2d 980 (Ct.App.1972), seems to support this view, that case is inapplicable here as it did not involve the effect to be given to § 52–1–36. In *Lasater*, although the court did discuss this issue, it held that there was no evidence that Lasater was led to believe compensation benefits would be paid. We believe the correct statement of the law to be that during the time the defendants reasonably led the plaintiff to believe that compensation would be paid, the limitation period for filing a claim was tolled. *Stasey v. Stasey*, *supra*; *Lucero v. White Auto Stores*, 60 N.M. 266, 291 P.2d 308 (1955).

■ The defendants filed this motion for summary judgment. Unquestionably the burden was on them to show an absence of a genuine issue of fact as to the reason plaintiff failed to file her claim within the limitation period. *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). Since the conduct of the insurer may have reasonably led plaintiff to believe compensation benefits would be paid, § 52–1–36, defendants have failed to show that no genuine issue of fact exists as to this issue. The case is remanded for a factual determination whether there was a tolling, and if so of the period of time during which the tolling occurred. Once this issue is decided, the trial court can determine whether or not the limitation period barred the claim.

■ Finally, plaintiff contends that her claim should not be barred by the statute of limitations, having been filed within one year of the defendant's last payment of medical payments under the Workmen's Compensation Act. This issue is without merit. In *Garcia v. New Mexico Highway Department*, 61 N.M. 56, 296 P.2d 759 (1956), the Supreme Court held that the statute of limitations is tied directly to weekly benefits only.

The summary judgment is reversed and the case is remanded for the trial court's factual determination pursuant to § 52–1–36.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.