657 P.2d 115

**ABF FREIGHT SYSTEM, Petitioner,**

**v.**

**Procopio A. MONTANO, Respondent.**

**No. 14294.**

Supreme Court of New Mexico.

Dec. 7, 1982.

Rehearing Denied Jan. 21, 1983.

Rodey, Dickason, Sloan, Akin & Robb, W.A. Sloan, Albuquerque, for petitioner.

Franchini, Henderson & Wagner, Kenneth R. Wagner, Albuquerque, for respondent.

## OPINION

RIORDAN, Justice.

Procopio A. Montano (Plaintiff) filed suit against his employer, ABF Freight System (Defendant), under New Mexico Workmen's Compensation Act, Sections 52–1–1 through 52–1–69, N.M.S.A.1978 (Orig.Pamp. and Cum.Supp.1982), for injury to his back. The trial court found that Plaintiff's claim for workmen's compensation benefits was barred by Section 52–1–31. The Court of Appeals reversed the trial court. We granted certiorari and we reverse the Court of Appeals.

The Court of Appeals' opinion interpreted the workmen's compensation statute of limitations, Section 52–1–31, to mean that before the statutory period begins to run, the workman must actually insist on the payment of compensation *and* the employer must fail or refuse to pay any installments.

This is contrary to existing case law in New Mexico. In *Noland v. Young Drilling Company,* 79 N.M. 444, 444 P.2d 771 (Ct. App.1968), the Court of Appeals previously held that the statutory period begins to run "[a]s soon as it becomes reasonably apparent, or should become reasonably apparent to a workman that he has an injury on account of which he is entitled to compensation and the employer *fails* or refuses to make payment he has a right to file a claim and the statute begins to run from that date." *Id.* at 447, 444 P.2d at 774 (emphasis added).

The following findings of fact were made by the trial court. On or about February 4, 1972, Plaintiff injured his back while unloading boxes during the course of his employment. After a stay in the hospital, Plaintiff returned to full-time employment with Defendant and resumed the same job. However, Plaintiff had a disability as evidenced "by his working with pain, by the reduction of his activities of his employment, by his requesting others to assist him in the duties of his employment, by his seeking medical attention and by his application of home remedies to relieve his pain and disability." When Plaintiff filed his complaint on July 23, 1980, he was beyond the required statutory period [1] when it either became or should have become reasonably apparent to Plaintiff that he had an injury entitling him to workmen's compensation benefits.[2] Therefore, Plaintiff's

---

1. Plaintiff had a maximum of two (2) years and thirty-one (31) days to file his workmen's compensation claim. Under Section 52–1–30, N.M. S.A.1978, the first installment of compensation is to be paid not later than thirty-one days from the date of the occurrence of the disability. Under Section 52–1–31, N.M.S.A.1978, the one year statutory period is tolled during the time the workman remains employed by the employer for whom he was employed at the time of the accidental injury, up to a maximum of one additional year.

2. At the point it became or should have become reasonably apparent to Plaintiff that workmen's compensation benefits were owed, the Defendant by not doing anything "*failed* . . . to make payment". *Noland v. Young Drilling Company,* 79 N.M. 444, 447, 444 P.2d 771, 774 (Ct.App.1968) (emphasis added).

claim for compensation recovery was barred.

It is a recognized rule that appellate courts do not substitute their judgment for that of the trial court in weighing the evidence. If the trial court's findings are supported by substantial evidence, they must be affirmed. *First National Bank of Santa Fe v. Wood,* 86 N.M. 165, 521 P.2d 127 (1974). We have reviewed the record and transcript and find substantial evidence to support the trial court's findings.

Plaintiff did not file within the required time, therefore, his claim is barred. *Romero v. American Furniture Company,* 86 N.M. 661, 526 P.2d 803 (Ct.App.), *cert. denied,* 86 N.M. 657, 526 P.2d 799 (1974); *Cordova v. Union Baking Company,* 80 N.M. 241, 453 P.2d 761 (Ct.App.1969); *Noland v. Young Drilling Company, supra.* The Court of Appeals is reversed and the trial court's decision reinstated.

IT IS SO ORDERED.

PAYNE, C.J., SOSA, Senior Justice, and FEDERICI, J., concur.