671 P.2d 656 (1983)
100 N.M 408
DAN R. PENA, Plaintiff-Appellee,
v.
NEW MEXICO HIGHWAY DEPARTMENT, MOUNTAIN STATES MUTUAL INSURANCE COMPANY, Defendants-Appellees, and
Fireman's fund Insurance Company, Defendant-Appellant.
No. 7197.
Court of Appeals of New Mexico.
September 8, 1983.
*658 Carlos Martinez, Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, for defendant-appellant.
Tom Foy, Jr., Foy, Foy & Jollensten, P.C., Silver City, for plaintiff-appellee.
Gary Jeffreys, Deming, for defendants-appellees.

OPINION
DONNELLY, Judge.
Fireman's Fund Insurance Company (Fireman's) brings this interlocutory appeal from an order granting summary judgment in favor of Mountain States Mutual Insurance Company (Mountain States) and denying its motion for summary judgment in a workmen's compensation action.
Two issues are raised on appeal. Claim of error in (1) determining that the only accident which occurred was limited to Fireman's insurance coverage period; and (2) refusing to grant summary judgment to Fireman's because of the bar of statute of limitations. We affirm in part and reverse in part.

Facts
The Claimant, Dan R. Pena, filed suit on December 17, 1981, seeking workmen's compensation benefits from the New Mexico State Highway Department (SHD) and Mountain States for a work related injury. Claimant alleged that while he was working for SHD he suffered an injury on or about December 7, 1977, and that he became totally disabled as a result of such injury on December 19, 1980. Claimant's original complaint was filed within one year of the time he discontinued working for SHD.
Claimant, on December 7, 1977, during his employment with SHD, fell and twisted *659 his left knee while operating a tamping machine. Prior to commencement of his employment with SHD Claimant's right leg had been amputated to a point below his right knee. During his tenure with SHD he worked with a prothesis. Following his injury in December, 1977, Claimant was treated by Dr. Mario Palafox, an orthopedic specialist in El Paso, and was advised that he could continue working full-time. In the summer of 1980, Claimant experienced increased pain in his left knee; he consulted Dr. Palafox and the doctor advised him he could continue working with some restrictions. A month later, on August 19, 1980, Dr. Palafox examined Claimant again. Dr. Palafox advised Claimant that he had suffered a torn medical meniscus or cartilage in his left knee stemming from his 1977 injury, that the condition had worsened and that he was functionally disabled and should discontinue working. Claimant continued his employment, however, until December 19, 1980, when he retired from SHD because of his disability.
Fireman's was the workmen's compensation insurer for SHD from March 1, 1976 to March 1, 1979. Thereafter, during the remainder of Claimant's employment, Mountain States served as the compensation insurance carrier for SHD.
A first amended complaint was filed on April 19, 1982, which named Fireman's as an additional defendant and alleged that at the time of Claimant's accident SHD was duly insured by Mountain States or Fireman's. Thereafter, each of the parties, including Claimant, filed a separate motion seeking summary judgment. The Claimant sought summary judgment requesting the trial court to rule as a matter of law that his complaint had been timely filed and requesting the court to determine, as a matter of law, which of the two insurance carriers was liable for the payment of compensation benefits. Fireman's motion for summary judgment contended that Claimant's action against it was barred by the statute of limitations. The motion of Mountain States seeking summary judgment alleged that Claimant's accident had not occurred during the time that it was the insurer for the employer SHD and sought dismissal as a party. In arguing the several motions for summary judgment the parties relied upon numerous affidavits, together with depositions of the Claimant, Dr. Palafox and Dr. J. Mark Dickason.
Claimant contends that he sustained a latent injury which did not reasonably manifest itself until December 19, 1980. In an affidavit filed in support of his motion for summary judgment, he asserted that "at no time between December 7, 1977, and December 19, 1980, did he suffer any other injury while in the employ of the New Mexico Highway Department." The trial court did not expressly rule on Claimant's motion for summary judgment, but granted Mountain States' motion for summary judgment and denied the motion of Fireman's, ruling that as a matter of law the first amended complaint joining Fireman's as a party defendant and as an insurance carrier was timely filed. The summary judgment issued by the court was in the nature of a partial summary judgment and did not adjudicate whether Claimant is in fact totally or partially disabled, whether Claimant's injury constituted a latent injury so as to toll the running of the statute of limitations, or whether Claimant was entitled to recover workmen's compensation benefits.

I. Claim of Second Injury

Fireman's contends that the trial court erred in granting summary judgment to Mountain States because a genuine issue of material fact existed as to whether a second accident occurred subsequent to Claimant's initial injury to his knee on December 7, 1977. We agree.
A review of the deposition of Dr. Palafox indicates the existence of a genuine material issue of fact whether Claimant's initial injury was aggravated or accelerated by his continued work with SHD. On questioning by counsel for SHD, Dr. Palafox testified in his deposition that in December 1977, Claimant suffered a torn meniscus in his left leg, and after "1977, he kept on working and didn't become functionally disabled *660 until 1980, because the tear was there, but it wasn't interfering, but it extended itself and became worse and eventually interfered with the function of the knee * * * in 1980." (Emphasis supplied.) On further questioning by Claimant's counsel, Doctor Palafox stated it was his opinion that, based on reasonable medical probability, Claimant's left knee condition and the resulting disability which manifested itself in August 1980, was a direct and natural result of the type of work activity that he was doing while working for SHD.
The deposition of Dr. Dickason contains additional testimony that in the early summer of 1980, Claimant was transferred to new duties which entailed walking on concrete surfaces. He stated that Claimant informed him this worsened the condition of his left knee.
A claim for compensation is compensable upon a showing that the employment aggravated, accelerated, or combined with a preexisting condition to produce disability. Perez v. Intern. Minerals & Chemical Corp., 95 N.M. 628, 624 P.2d 1025 (Ct. App. 1981); Herndon v. Albuquerque Public Schools, 92 N.M. 635, 593 P.2d 470 (Ct.App. 1978). The question of whether a workman's continued employment aggravated or accelerated a preexisting condition is one of fact generally determined by medical testimony. Gonzales v. Stanke-Brown & Associates, Inc., 98 N.M. 379, 648 P.2d 1192 (Ct. App. 1982); see also Burgess Constr. Co. v. Smallwood, 623 P.2d 312 (Alaska 1981).[1]
Summary judgment does not properly lie if there is a genuine issue of material fact in dispute. Coronado Credit Union v. KOAT Television, 99 N.M. 233, 656 P.2d 896 (Ct.App. 1982). Where the testimony of a single witness is conflicting as to a material fact the question must properly be reserved for the trier of fact. Matter of Estate of Kelly, 99 N.M. 482, 660 P.2d 124 (Ct.App. 1983). Even where the facts are undisputed, if equally logical but conflicting inferences can be drawn from the facts, summary judgment should be denied. Smith v. Klebanoff, 84 N.M. 50, 499 P.2d 368 (Ct. App. 1972).
The granting of summary judgment dismissing Mountain States as a party herein was error.

II. Statute of Limitations

Fireman's contends that Claimant's cause of action against it as the compensation carrier for SHD was untimely filed and barred by the statute of limitations.
Claimant's first amended complaint joining Fireman's as the compensation carrier for SHD, was filed on April 19, 1982. Fireman's asserts that even assuming Claimant's contention that his latent injury first became reasonably apparent on August 19, 1980, Claimant's action was barred by the provisions of NMSA 1978, § 52-1-31, requiring workmen's compensation actions to be brought not later than "one year after the failure or refusal of the employer or insurer to pay compensation". Fireman's argues that the first amended complaint joining it was filed approximately four months after the expiration of the statute of limitations. Although we find this argument in part persuasive, Fireman's is only entitled to partial summary judgment.
The deposition testimony of Dr. Palafox indicated that despite Claimant's initial injury to his left knee in December 1977, he continued working and that the functional disability to perform his work did not become apparent until August 19, 1980. The Claimant asserts that his action was timely filed because after he first became aware of his disability on August 19, 1980, he continued working for the SHD until he retired on December 19, 1980. Claimant filed his *661 initial complaint within one year of the time he stopped working with SHD.[2] Not counting the period of four months during which Claimant continued his employment with the SHD, Claimant filed his original complaint on December 17, 1981, which was within a period of one year from the time he allegedly first became aware of the fact that he had suffered a compensable injury, i.e., August 19, 1980. But for the tolling provision of § 52-1-31(A), Claimant had one year and thirty-one days in which to file his compensation claim from the time he knew or should have known he had a compensable claim. ABF Freight System v. Montano, 99 N.M. 259, 657 P.2d 115 (1983).
Fireman's contention that plaintiff's claim against it is barred by the statute of limitations indicates that this claim is in actuality a sub-issue of a larger fact question of whether Claimant's injury was a "latent injury" so as to toll the statute of limitations and permit a delayed filing of the workman's claim. Resolution of whether Claimant's joinder of Fireman's was timely, is controlled by the factual issue of the timeliness of the filing of the original complaint herein. Huerta v. New Jersey Zinc Company, 84 N.M. 713, 507 P.2d 460 (Ct.App. 1973). In New Mexico non-compliance with the statute of limitations for filing a compensation action is jurisdictional. Garza v. W.A. Jourdan, Inc., 91 N.M. 268, 572 P.2d 1276 (Ct.App. 1977). The statute of limitations for filing a workmen's compensation action does not begin to run when a non-disabling accident occurs, but commences when the workman knows or reasonably should have known that he has sustained a compensable injury as a result of a work related accident and his employer fails or refuses to make payment. ABF Freight System v. Montano, 99 N.M. at 260, 657 P.2d at 116; Duran v. New Jersey Zinc Company, 83 N.M. 38, 487 P.2d 1343 (1971); Owens v. Eddie Lu's Fine Apparel, 95 N.M. 176, 619 P.2d 852 (Ct.App. 1980). The Workmen's Compensation Act does not, however, place upon an employee the duty of knowing the nature of disability or its relationship to his employment before such facts are reasonably ascertainable to an attending physician. Duran v. New Jersey Zinc Company, 83 N.M. at 39, 487 P.2d 1343; Sedillo v. Levi-Strauss Corp., 98 N.M. 52, 644 P.2d 1041 (Ct.App. 1982).
Whether a claim for compensation has been timely filed or whether good cause exists for delay in the filing of an action, is ordinarily a question of fact, and constitutes a question of law only where the facts are not in dispute. Armijo v. United States Casualty Company, 67 N.M. 470, 357 P.2d 57 (1960); Montell v. Orndorff, 67 N.M. 156, 353 P.2d 680 (1960). Although medical testimony is necessary to establish the causal connection between an accidental injury and a resulting compensable disability, it does not resolve the questions of date of commencement or degree of compensable disability. Sedillo v. Levi-Strauss Corp., 98 N.M. at 1042, 644 P.2d 1041.
Determination of the timeliness of filing of a claim may be decided as a question of law only if under the undisputed facts there is no room for a reasonable difference of opinion. A party opposing summary judgment is entitled to the benefit of all reasonable doubts in determining whether a genuine issue of fact exists. Pharmaseal Laboratories, Inc. v. Goffe, 90 N.M. 753, 568 P.2d 589 (1977). Summary judgment does not lie where there is the slightest doubt as to the existence of an issue of material fact, and even where the basic facts are undisputed if equally logical but conflicting inferences can be drawn from the facts, summary judgment should be denied. Fischer v. Mascarenas, 93 N.M. 199, 598 P.2d 1159 (1979).
We address also Fireman's contention raised under its second point that even assuming that Claimant's cause of action was *662 timely filed against the employer, SHD, it was entitled to summary judgment because at the time of the filing of the first amended complaint joining it as the compensation carrier  the statute of limitations under § 52-1-31 barred its joinder by the workman.
Workmen's compensation insurance is for the benefit of the employee as well as the employer. NMSA 1978, § 52-1-4 (Cum.Supp. 1983). By statute, New Mexico allows a Claimant in a workmen's compensation proceeding, a direct action against both the employer and his insurance compensation carrier. NMSA 1978, §§ 52-1-4, 52-1-32. The bar of limitation imposed by § 52-1-32 may be raised against a Claimant by either the employer, an insurance carrier or both. The substitution of a new party by an amended complaint in a compensation action after the running of the statute of limitations does not relate back to the time of the original filing unless Claimant can establish that the party sought to be joined has a close identity with the former party and the added party will not be prejudiced. NMSA 1978, Civ.P.R. 15(c) (Repl.Pamp. 1980); see also Galion v. Conmaco International, Inc., 99 N.M. 403, 658 P.2d 1130 (1983). In the absence of a showing that Fireman's can be brought in as a new party defendant within the exceptions set forth in Galion, it is entitled to partial summary judgment under the jurisdictional bar of § 52-1-31.
In the event the trial court determines that Claimant's action against the SHD was timely filed, and its amended complaint seeking to join Fireman's as an insurer was not timely filed, the granting of partial summary judgment does not prevent Claimant's right to prosecute and recover compensation benefits as against SHD and Mountain States if Claimant's original injury is found to have been aggravated or accelerated by his continued work with SHD during the insurance coverage period of Mountain States. Even if the trial court finds Claimant's action against Fireman's is affected by the statutory bar of § 52-1-31, Fireman's would be only entitled to partial summary judgment as to certain of the claims against it.[3]
The order of the trial court is reversed and remanded for further proceedings consistent with this opinion. Since attorney's fees are awarded only when there has been an award of compensation or other benefits, we make no provision thereon for this appeal. Ortiz v. Ortiz & Torres Dri-Wall Company, 83 N.M. 452, 493 P.2d 418 (Ct.App. 1972).
IT IS SO ORDERED.
LOPEZ and NEAL, JJ., concur.
NOTES
[1] Any compensation benefits payable by reason of disability stemming an aggravation or acceleration of a prior injury are subject to reduction for benefits paid or payable on account of any prior injury if compensation benefits in both instances are for injury to the same member or function, or different parts of the same member or function or for disfigurement, and if the compensation benefits payable on account of the subsequent injury would duplicate, in whole or in part, benefits paid or payable on account of the prior injury. NMSA 1978, § 52-1-47(D).
[2] The statute of limitations provided in NMSA 1978, § 52-1-31, specifies that the "one year period of limitations shall be tolled during the time a workman remains employed by the employer by whom he was employed at the time of such accidental injury, not to exceed a period of one year."
[3] Claimant's complaint herein in addition to seeking compensation benefits also sought payment of medical expenses. A claim for medical and surgical expenses under the Workmen's Compensation Act is not barred by the statute of limitations imposed under § 52-1-31. Nasci v. Frank Paxton Lumber Co., 69 N.M. 412, 367 P.2d 913 (1961); see also Schiller v. Southwest Air Rangers, Inc., 87 N.M. 476, 535 P.2d 1327 (1975).