759 P.2d 1010

**Armondo RODRIGUEZ,**
**Claimant–Appellant,**

v.

**X–PERT WELL SERVICE, INC., Employ-**
**er, and Home Insurance Company,**
**Insurer, Respondents–Appellees.**

No. 10553.

Court of Appeals of New Mexico.

May 31, 1988.

Certiorari Denied July 29, 1988.

David H. Pearlman, David H. Pearlman, P.A., Albuquerque, for claimant-appellant.

Sam Laughlin, Jr., R.E. Richards, P.A., Hobbs, for respondents-appellees.

OPINION

DONNELLY, Chief Judge.

Claimant appeals from the dismissal of his claim for workers' compensation pursuant to the hearing officer's order granting respondents' motion for summary judgment. Our calendar notice proposed to affirm the hearing officer's order dismissing the claim as being time barred. Claimant has filed a memorandum in opposition and respondents have filed a memorandum in support. Claimant has also filed a response to respondents' motion in support of the calendar notice. We do not consider this response since such pleading is not contemplated by the appellate rules. In any event, the response essentially reiterates what claimant stated in his memorandum in opposition previously filed herein. Not convinced by claimant's memorandum, we now affirm.

Claimant's claim for compensation benefits was dismissed on motion for summary judgment as being time barred. Claimant suffered a compensable injury on February 6, 1986; received installments of total temporary disability at the rate of $270.90 per week in bi-weekly installments of $541.80; was released on July 3, 1986, to return to work the next week by one of his treating physicians; and was issued the final installment of $387.00 on July 14, 1986 (for the period of June 27, 1986, until July 7, 1986). However, the reduced final installment was not mailed to claimant until July 18, 1986. On July 30, 1986, claimant's attorney confirmed by telephone with the insurer that no further total temporary disability benefits would be paid to claimant. Claimant's petition for compensation benefits was not filed until July 31, 1987.

Claimant argues that statements made to his attorney by the insurer that no further total temporary disability benefits would be paid to claimant were not relevant to the issue of whether the statute of limitations had run. We disagree. Neither *Stasey v. H.B. Stasey,* 77 N.M. 436, 423 P.2d 869 (1967), nor *Knippel v. Northern Communications, Inc.,* 97 N.M. 401, 640 P.2d 507 (Ct.App.1982), relied upon by claimant support his assertion that information or misinformation to a claimant from an insurance agent has any effect on the statute of limitations or that the conversation between claimant's former attorney and the insurer's agent was irrelevant. Both cases affirmed dismissals of workers' compensation claims as time barred even though the insurers had made representations that might have caused the insurers to be estopped from relying upon the statute of limitations. Here, the conversation between claimant's former attorney and the insurer to the effect that no further benefits would be paid was relevant, as indicated in the calendar notice, because it supports respondents' prima facie showing that claimant received the reduced final payment prior to July 30, 1986.

We agree with claimant that the statute of limitations is tolled during any period that the employer is relieved of the obligation to pay compensation. *See Zengerle v. City of Socorro,* 105 N.M. 797, 737 P.2d 1174 (Ct.App.1986). However, here respondents made a prima facie showing that claimant received the reduced, final payment over one year prior to the filing of the claim for workers' compensation. On the date of receipt of that payment the statute of limitations began to run on the claim.

Claimant relies upon *Jowers v. Corey's Plumbing & Heating,* 74 N.M. 555, 395 P.2d 827 (1964); *Martinez v. Wester Brothers Wholesale Produce Co.,* 69 N.M. 375, 367 P.2d 545 (1961); and *State ex rel. Mountain States Mutual Casualty Co. v. Swope,* 58 N.M. 553, 273 P.2d 750 (1954), contending that the limitation period did not commence running at the time the insurer made the last full installment. *Jow-*

*ers* concerns the failure or refusal to make a full installment payment within sixteen days after the last full installment payment. *Martinez* concerns a premature filing when no installment had yet become due, and *Swope* concerns a premature filing where all installment payments were promptly paid. Instead, the instant case concerns the failure of respondents to make a full installment payment. As stated in our calendar notice, when maximum compensation benefits are refused or reduced, a worker can file a claim for maximum compensation benefits to establish total disability. *See* NMSA 1978, § 52–1–69 (*see* NMSA 1978, § 52–5–18 (Repl.Pamp. 1987)); *Rollins v. Albuquerque Pub. Schools,* 92 N.M. 795, 595 P.2d 765 (Ct.App. 1979). This is exactly what occurred in the instant case. Accordingly, claimant had one year from the date of receipt of the final reduced installment payment to file his claim for workers' compensation. *See* NMSA 1978, § 52–1–31(A). Claimant's memorandum in opposition fails to consider the effect of Section 52–1–69 or *Rollins* when he argues that there is no basis for this court's distinction between termination and reduction of compensation installment payments.

Claimant asserts that it is not logical to recognize a distinction between payment of a full installment and payment of a reduced installment with respect to the triggering of the statute of limitations. We disagree. The limitation period in a worker's compensation case begins to run when the employer fails or refuses to make an installment. *See* § 52–1–31(A). Where the last installment payment is paid in full, the employer cannot fail or refuse to make an installment until the next installment is due and is not paid. *See Jowers v. Corey's Plumbing & Heating.* However, where the last installment is for a reduced amount, the employer has failed or refused to make the installment. *See Rollins v. Albuquerque Pub. Schools.*

Neither *ABF Freight System v. Montano,* 99 N.M. 259, 657 P.2d 115 (1982), nor *Cole v. J.A. Drake Well Service,* 106 N.M. 484, 745 P.2d 392 (Ct.App.1987), affect our

conclusion that dismissal of the claim here for workers' compensation was proper. *Montano* and *Cole* only clarify that NMSA 1978, Section 52–1–30 requires tacking on of either sixteen or thirty-one days to the one-year statutory limitation period provided for in Section 52–1–31(A). Neither case overruled *Rollins* nor held that Section 52–1–69 (*see* § 52–5–18) was without effect. Accordingly, we believe the distinction between a full installment reduced installment payment is logical and not just a distinction without a difference or effect.

Although it is black letter law that the Workers' Compensation Act is remedial and should be liberally interpreted so as to accomplish its purposes, at the same time the provisions of the Act must be reasonably construed so as not to nullify its provisions. *See Geeslin v. Goodno, Inc.,* 75 N.M. 174, 402 P.2d 156 (1965). Claimant's argument that a decrease in the amount of the payment of compensation benefits should not be interpreted so as to trigger the commencement of the statute of limitations, in our opinion, would result in an unreasonable construction of the Act. Accordingly, we do not interpret the Act as claimant urges.

For the reasons stated herein and those set forth in our calendar notice, we determine that claimant has failed to rebut respondents' prima facie showing that the statute of limitations has run, and therefore, we affirm the hearing officer's order of dismissal.

IT IS SO ORDERED.

BIVINS and ALARID, JJ., concur.