No. 83-61

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

JERRY BOWERMAN,

Claimant and Appellant,

-vs-

EMPLOYMENT SECURITY COMMISSION, Employer,

and

STATE COMPENSATION INSURANCE FUND,

Defendant and Respondent.

_____

APPEAL FROM: Workers' Compensation Court, The Honorable Timothy
Reardon, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Utick, Grosfield & Uda; Norman Grosfield argued,
Helena, Montana

For Respondent:

Wm. Bailey Dunn argued, Helena, Montana

_____

Submitted:    September 16, 1983

Decided:    December 22, 1983

Filed:    DEC 22 1983

*Ethel M. Harrison*

_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The single issue presented in this appeal is whether the statute of limitations for instituting a Workers' Compensation claim is tolled in the case of a latent injury during the period that the injury was unknown or unsuspected by the claimant. We hold that the statute of limitations is tolled during that period.

This is an appeal by the claimant Jerry Powerman from a decision of the Workers' Compensation Court that his claim for compensation is barred by section 39-71-601, MCA (1981). That statute provides:

"(1) In cases of personal injury or death, all claims shall be forever barred unless presented in writing to the employer, the insurer, or the division as the case may be, within 12 months from the date of the happening of the accident, either by the claimant or someone legally authorized to act for him on his behalf.

"(2) The division may, upon a reasonable showing by the claimant of lack of knowledge of disability, waive the time requirement up to an additional 24 months."

Subparagraph (2) of section 39-71-601, was added by the legislature in 1973 (§ 1, Ch. 264, Laws of 1973). This Court, in dicta, in Williams v. Wellman-Power Gas, Inc. (1977), 174 Mont. 387, 389-390, 571 P.2d 90, 92, stated that the purpose of the 1973 amendment was to solve the latent injury problem by granting the Division the authority to extend the time period on a reasonable showing of lack of knowledge of disability. The employer and the insurer in this case rely on language of the 1973 enactment and the dicta in Williams v. Wellman-Power Gas, Inc. as an indication that the legislature has acted with respect to latent injuries and the courts should permit no further extensions.

- 2 -

In the facts reported to us in this case, the claimant Bowerman suffered an industrial injury arising out of and in the course of his employment in 1976 when he fell into a stairwell after stepping on a pencil. He immediately reported the incident to his supervisor, who recommended that Bowerman file a report. However, Bowerman did not file a claim or report at the time of the accident because he felt it was not necessary as he was only "shaken up."

In late 1976, claimant began experiencing headaches. On January 7, 1977, he sought treatment from an optometrist who diagnosed his problem as myopic astigmatism, unrelated to the 1976 injury. In December 1977, he sought treatment for shoulder pain and headaches from an orthopedic surgeon who diagnosed cuff tendonitis. The same doctor treated claimant again in 1979.

About March 1980, claimant's condition worsened to the point that he concluded that his back pain and headaches were not going to disappear on their own. His employer was informed that his ability to perform on the job was impaired. On May 25, 1981, Bowerman terminated his employment for the sole reason of his health condition. Coworkers and witnesses testified that Bowerman did not display symptoms of physical difficulties until late spring 1980. On December 15, 1980, Bowerman submitted a claim for Workers' Compensation coverage to the State Compensation Insurance Fund because of his disabling physical condition.

The case was referred to a hearing examiner for the Division of Workers' Compensation who ruled that the claimant was precluded from having his claim considered because it was submitted more than three years after the time of the accident. The hearing examiner reasoned that the decision as

to whether the latent injury concept was an exception to the three year maximum time limit under section 39-71-601, MCA, properly rested with this Court.

Bowerman excepted to the decision of the hearing officer. On April 20, 1982, the administrator of the Division issued his order of determination sustaining the findings and conclusion of the hearing officer. Thereafter Bowerman appealed to the Workers' Compensation Court. That court determined that the claim had been filed too late under the applicable statute of limitations. It is from the decision of the Workers' Compensation Court that the matter comes on appeal to this Court.

In general, Bowerman's contentions are that the time period for Workers' Compensation claims should not run until the claimant has been reasonably apprised of the seriousness and compensable character of his injury. He further contends that although section 39-71-601, MCA, is an "accident" type of statute in that the clock runs from the time of the accident rather than the time of the injury, this is not an insuperable obstacle to judicial achievement of a more humane rule under liberal construction. Bowerman also argues that the addition of subsection (2) to section 39-71-601, MCA, by the legislature should not be taken to indicate an intent by the legislature to preclude any other application of the latent injury rule.

Respondent contends that the language of section 39-71-601, is plain and that there is an absolute prohibition of all claims after a maximum of three years. Respondent also contends that by enacting an "accident" statute, the legislature carefully chose to limit actions from the date of the accident rather than from the manifestation of the injury

and that the 1973 amendment to section 39-71-601 in enacting subsection (2) is a specific and exclusive codification by the legislature of the latent injury principle.

We have held that section 39-71-601, MCA, does not exclude all late-filed claims. In Frost v. Anaconda Company (Mont. 1982), 645 P.2d 419, 39 St.Rep. 879, and in Jaeger v. Stauffer Chemical Company (Mont. 1982), 645 P.2d 942, 39 St.Rep. 919, it was held that the statutory period could be tolled for equitable reasons where the injured worker was paid by his employer sums equivalent to Workers' Compensation benefits which in effect lulled the injured worker into failure to timely file for Workers' Compensation.

The Workers' Compensation Court noted that in 3 Larson, Workmen's Compensation Law, §§ 78.40, at 15-155, et seq. (1983), the author argues for an interpretation of the time period for notice of claim to be tolled until the claimant as a reasonable man should recognize the nature, seriousness and probable, compensable character of his injury or disease. Larson says:

> "It is odd indeed to find, in a supposedly beneficent piece of legislation, the survival of this fragment of irrational cruelty surpassing the most technical forfeitures of legal statutes of limitation. Statutes of limitation generally proceed on the theory that a man forfeits his rights only when he inexcusably delays assertion of them, and any number of excuses will toll the running of the period. But here no amount of vigilance is of any help. The limitations period runs against a claim that has not yet matured; and when it matures, it is already barred.. . ." Larson, supra, § 78.42(b), at 15-225.

In Johnson v. St. Patrick's Hospital (1966), 148 Mont. 125, 417 P.2d 469, this Court by judicial decision did not follow the literal language of the statute of limitations, but adopted the rule in a medical malpractice case that where a foreign object is negligently left in a patient's body and

the patient is ignorant of the fact, his time for filing action does not begin until the patient learns of or in the exercise of reasonable care and diligence should have learned of the presence of the foreign object in his body. In that case the dissenting justice contended that it was a matter for the legislature to determine. The legislature did in fact subsequently enact such a provision in 1971 (section 27-2-205, MCA).

It is not exclusively evident that in enacting subsection (2) of section 39-71-601, MCA, the legislature was acting only with respect to latent injuries unsuspected by the claimant. The language of subsection (2) is broad and could encompass any number of situations where in equity the Division would be moved to extend the time for filing the notice of claim up to the 24 months provided. We would prefer a specific enactment by the legislature of a statute of limitations relating to latent injury claims. The course taken by this Court in medical malpractice claims in Johnson v. St. Patrick's Hospital, supra, had the effect of prodding the legislature into providing expressly for an extended period of limitations where the negligence of the treating physician or hospital was not discovered by the patient within the time allowed by the applicable statute of limitations. The logic expressed by Larson in his position that latent injuries should not be barred by the statute of limitations until the statutory period has run from the time of dscovery is unassailable, and appeals to this Court whose duty is to interpret liberally the provisions of the Workers' Compensation Act. We therefore determine that section 39-71-601, MCA, should be interpreted, in cases of latent injury, so that the time period for notice of claim does not

begin to run until the claimant, as a reasonable man, should recognize the nature, seriousness and probable, compensable character of his latent injury.

Accordingly, the decision of the Workers' Compensation Court is reversed and this cause is remanded to the Workers' Compensation Court for further proceedings, either before the Court or Division, except that section 39-71-601, MCA, shall not be considered a bar to Bowerman's claim.

The Workers' Compensation Court did not decide in this case whether Bowerman in fact sustained a compensable claim. It was not necessary for the Workers' Compensation Court to reach that decision because of its interpretation of the statute of limitations question. We likewise express no opinion as to the compensability of Bowerman's injury.

_____
Justice

We Concur:

_____
Chief Justice

_____
Justices

The Hon. Diane G. Barz, District Judge, dissenting:

I respectfully dissent from the majority opinion because I believe the result reached therein is contrary to the clear legislative enactment. Prior to 1973, any claim not presented within twelve months from the date of the happening of the accident was barred. In 1973, the legislature enacted subsection (2) as follows: "The division may, upon a reasonable showing by the claimant of lack of knowledge of disability, waive the time requirement up to an additional 24 months."

The 1973 amendment strongly suggests that the legislature was attempting to deal with the latent-injury problem. Recognizing that subsection (1) made no allowance in cases where a claimant was unaware that he had suffered a disability, the legislature, by the enactment of subsection (2), specified that a claimant who lacked knowledge of his disability could be granted an additional 24 months in which to present a claim.

As a consequence of the majority's holding, subsection (2) is rendered meaningless. Forthwith, the Division may, upon a reasonable showing by the claimant of lack of knowledge of disability, waive the time requirement for an unlimited period of time. Such a result is inconsistent with the plain meaning of the statute.

I have no quarrel with the assertion that the Workers' Compensation Act is to be liberally construed in favor of the injured worker. However, the majority's construction runs contrary to the express limitation of the statute.

The restraint exercised by the Supreme Court of our sister state, Wyoming, in the face of an undesirable result,

is noteworthy in that it reminds us that our function as jurists is to interpret, and not to enact. In State ex rel. Director, Workers' Compensation Division v. Wyo-Dak (Wyo. 1979), 589 P.2d 835, an injured worker's claim was denied because the filing time had expired, even though the disability was of a type that he could have no knowledge of until after the statute of limitations had run. Justice Rose, specially concurring, observed: "I agree with the result and reasoning of this decision, but I feel compelled to emphasize that I do so because I am not permitted, under the pretense of statutory interpretation, to rewrite a clear legislative enactment." Wyo-Dak, 589 P.2d at 839. Because the statute was clear in meaning, the Court could not apply rules of construction--liberal or otherwise.

The legislation dealt with by the Wyoming Court in Wyo-Dak was recognized as being particularly unfair, and the same recognition might be made of our own statute, which permits waiver of the time limit only up to an additional 24 months. Regardless, the legislature has spoken to the issue, and this Court should not question its wisdom in so doing.

Accordingly, I would affirm the decision of the Workers' Compensation Court.

_____
Hon. Diane G. Barz,
District Judge, sitting for
Mr. Justice Frank B. Morrison

I join in the foregoing dissent of Judge Barz:

_____
Justice