No. 89-101

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

HERBERT A. DODD, SR.,

        Claimant and Appellant,

  -vs-

CHAMPION INTERNATIONAL CORPORATION,

        Employer and Defendant.

---

APPEAL FROM:  The Workers Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Roger M. Sullivan; McGarvey, Heberling, Sullivan &
        McGarvey, Kalispell, Montana

    For Respondent:

        Paul C. Meismer; Garlington, Lohn & Robinson, Missoula,
        Montana

---

Submitted on Briefs:  June 30, 1989

Decided:  September 20, 1989

Filed:

_____
        Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

We reverse the Workers' Compensation Court which upheld the decision of the Workers' Compensation Division that denied the request of Herbert A. Dodd, Sr., to extend his time for filing a Workers' Compensation claim pursuant to § 39-71-601(2), MCA.

We glean the following facts from the findings made by the hearing examiner when this cause was before the Workers' Compensation Division.

Herbert A. Dodd, Sr. filed a claim for compensation on September 24, 1987, listing his dates of injuries as January, February, March and April of 1986. He began his employment with the defendant employer on January 7, 1977, and ended with a medical leave by his employer on June 6, 1986. For several years prior to 1986 he had suffered from arthritis. Medical reports have substantiated the diagnosis of arthritis. During the spring of 1986 he suffered increased pain in his back, hands, and ankle and received treatment from Dr. Hufman.

On May 13, 1986, the employer requested another examination and the completion of a Health Assessment Physical Activity Evaluation form. The form was filled out by Dr. Hufman, and indicated a number of restrictions placed on the working ability of Dodd. His difficulties were the result of arthritis of the back, hands, and ankles.

On June 11, 1986, Dodd went to the employer's personnel office to apply for benefits. He received a claim form from the personnel officer which would provide payments from the health and welfare fund of the Timber Operator's Council

(TOC) rather than a claim for workers' compensation form. Eventually benefits were paid for the maximum length of time (26 weeks) from the TOC health and welfare fund.

The claimant's deposition indicated to the hearing examiner that Dodd was aware of his osteoarthritic condition for many years prior to the filing of the claim for compensation. On the TOC form he stated he had not filed for Workers' Compensation and did not intend to file. On that basis the hearings examiner determined that Dodd's deposition reflects his knowledge of the difference between filing for TOC or for Workers' Compensation. Dodd also testified in that deposition that he had been under a doctor's care for a long time and "for all I knew, it was an illness." The hearings examiner also found that Marilee Brown, the personnel clerk for Champion International, did not have a specific recollection of conversations with Dodd "about this particular incident."

Based upon the foregoing findings of fact, the hearings examiner proposed as a conclusion of law that under § 39-71-601, MCA, Dodd was not entitled to a waiver of the 12-month requirement for filing his compensation claim for up to an additional 24 months, on the ground that he had failed to show that he lacked knowledge of a disability.

On June 27, 1988, the Workers' Compensation Division, through its administrator, Robert J. Robinson, adopted the findings and conclusions of the hearings examiner and ordered that since Herbert A. Dodd had failed to show he lacked knowledge of his disability, his request to waive the claim filing requirement of § 39-71-601, MCA, was denied.

This Court has had to determine the legal effect of § 39-71-601, MCA, on several occasions, and particularly its subdivision (2) which was enacted by the legislature in 1973. That subdivision extended to the Workers' Compensation

- 3 -

Division the power to waive the time for filing a claim for Workers' Compensation up to an additional 24 months. In Williams v. Wellman-Power Gas, Inc. (1977), 174 Mont. 387, 389, 571 P.2d 90, 92, we noted that the amendment was passed to alleviate a condition that was directly contrary to the stated purposes and policy of the Workers' Compensation Act, because prior to July 1, 1973, the worker was required to file a claim within 12 months of the date of the accident regardless of the circumstances, or be denied compensation.

In Bowerman v. State Compensation Insurance Fund (1983), 207 Mont. 314, 318-319, 673 P.2d 476, 478, we noted that the provisions of the statute as amended were of a broad and equitable nature:

> It is not exclusively evident that in enacting Subsection (2) of Section 39-71-601, MCA, the legislature was acting only with respect to latent injuries unsuspected by the claimant. The language of Subsection (2) is broad and could encompass any number of situations where in equity the Division would be moved to extend the time for filing the notice of claim up to the 24 months provided.

In Bowerman, this Court established a three-part analysis to determine whether the one year statute had been tolled and the time for filing should be extended by the Division: First, did the claimant recognize the nature of his injuries? Secondly, did the claimant recognize the seriousness of his injury? Thirdly, did the claimant recognize the probable, compensable character of his injury? Bowerman, 673 P.2d at 479.

As recently as March 30, 1989, this Court decided the case of Hando v. PPG Industries, Inc. (Mont. 1989), 771 P.2d 956, 962. In that case we held:

> The facts of the present case indicate that although Hando was very much aware of those continuing physical, emotional, and mental ailments she suffered after her exposure to the paint, she

- 4 -

did not know the cause of those injuries until May of 1984. Prior to that time, she and SCCC suspected that her ongoing ailments stemmed from her exposure to the paint manufactured by PPG. She even filed a Workers' Compensation claim in May of 1982 based upon this belief. However, the veracity of her belief was not known until May of 1984. Medical tests done in Chicago at that time provided Hando with a medical diagnosis that her continuing problems were due to a "sensitivity to petrochemicals," a sensitivity most likely triggered by exposure to the PPG paint by working for SCCC in 1981-82.

Hando's failure to learn the cause of her ongoing injuries was not due to a lack of diligence on her part. Between 1982 and 1984, Hando saw numerous physicians, including physicians at the renowned Mayo Clinic in Minnesota, to determine the cause of her ongoing problems. No physician who examined Hando during this period attributed her continuing ailments to exposure to the PPG paint.

The findings of the hearings examiner when this cause was before the Workers' Compensation Division made no reference to the Bowerman test nor as to whether Dodd's case came within the Bowerman requirements. Particularly the findings of the hearing examiner made no reference to the claim form submitted by Dodd to Champion, to which form we will advert hereafter.

Dodd sought review in the Workers' Compensation Court of the decision by the Division denying his request for an extension of time. In addition, Dodd requested the Workers' Compensation Court to find that the employer was barred by equitable estoppel from claiming the benefit of the 12-month filing requirement; to determine that the 12-month statute had been tolled during the time that the claimant had received TOC nonoccupational disability benefits; to determine that the information which the claimant originally set forth on the TOC claim form transmitted to the employer

gave the employer in writing sufficient information to accomplish the notice requirement of § 39-71-601, MCA, and for attorney fees and a penalty.

The order of the Workers' Compensation Court, which is the subject of the appeal to this Court, made no specific findings of fact, but set forth a limited discussion of background facts. The order stated that Dodd had been an employee of Champion since 1977. The Workers' Compensation Court noted that some time prior to 1986 claimant began experiencing joint stiffness and pain which was diagnosed in 1980 and osteoarthritis. His malady was marked by a progressive sequence of worsening of his condition. In the spring of 1986, the claimant's physical condition was such that the employer requested that Dodd be examined by a physician to assess his restrictions. In June he applied for and received disability compensation under the TOC plan. This policy paid $160.00 a month in benefits. Dodd left work in June of 1986. "He did not identify or notify the employer that he had been involved in an industrial accident when he left work."

Based on those facts, the Workers' Compensation Court determined that his workers' compensation claim filed on September 20, 1987, was barred by the 12-month statute of limitations. The Workers' Compensation Court made no other findings respecting estoppel or the tolling of the limitations statute.

The Workers' Compensation Court ignored, as did the hearing examiner before the Workers' Compensation Division, any discussion relating to the TOC form which Dodd submitted to Champion, and the attendant circumstances which are undisputed respecting his tender of that form.

For the first four and half years of his employment at the defendant's mill, the claimant worked at a job which

consisted of feeding waste wood into a chipper. From 1982 until June 6, 1986, his primary job at the mill consisted of feeding green plywood veneer sheets into the veneer dryer. This process required repetitive twisting, bending and lifting while moving from side to side on a mobile platform in order to feed the green sheets of veneer into the dryer. In the years preceding 1986, Dodd had experienced discomfort, apparently from arthritis, which was noted by his attending physician. In the spring of 1986 he experienced increasing difficulties which were a concern to him and his wife. He could no longer keep up with the dryers. He went to his family doctor, Dr. Hufman, who diagnosed his problem as osteoarthritis, and sent for delivery to Dodd's employer a prescription form which stated that "Mr. Dodd has osteoarthritis and needs to get on a job with less strain on ankle, knee, and hand joints." This document was delivered to Dodd's foreman with a request to be placed on a lighter duty job. A copy of the document was also transmitted to the manager of the plywood plant, John Luger. Nonetheless, Dodd was kept on at the veneer dryer in the succeeding days.

On May 5, 1986, Luger sent a memo to Dodd requesting him to have Dr. Hufman fill out a Health Assessment Physical Activity Evaluation form and return it to his foreman. Dr. Hufman filled it out, and it was returned to the employer, with a notation from Dr. Hufman that Dodd could not perform repetitive movements with his affected joints, nor perform repetitive side to side motions, lifting, grasping, pushing, pulling, twisting, climbing, or stooping. Dr. Hufman reported the nature of the illness or injury as "osteoarthritis of back, hands, and ankle."

After receipt of the form from the doctor, on June 6, 1986, Luger informed Dodd that the employer had no job for

him consistent with his physical limitations and for that reason he was laid off.

On June 11, 1986, Dodd went to the personnel office and requested a disability claim form from Marilee Brown, the personnel clerk for Champion. He did not request a specific type of claim form from Ms. Brown. She gave him the TOC form. Because of his limited education, Dodd took the form home where his wife filled out what he told her to put on the form. There he reported that his disability was "osteoarthritis of hands, back, and ankle." He reported that it happened "around about May 10, 1986"; that it had happened at work, and not at home; and as to how it happened he reported "working with wet plywood, feeding into dryer." In response to the question was it caused by your work he answered "yes."

When he delivered the form to Ms. Brown, she informed him he could not state that it happened at work. He went out to the automobile to his wife, who with a pen crossed out the words to which he had answered the questions, and inserted the word "unknown," so that the answer to the question how did it happen was "unknown," and the answer to whether it was caused at work was "unknown." The other answers remained the same. Thereafter, Ms. Brown completed the employer's report, and the doctor completed the medical report which described his condition as arthritis. Based on the submission of the form, TOC plan paid Dodd the sum of $160.00 per week for 26 weeks, at which time his payments ended.

When Dodd learned from his attorney that he may have had a compensable injury, he then filed his claim for Workers' Compensation in September, 1987, one year and four months after the last incident he reported that aggravated his arthritis.

Ms. Brown, in her deposition respecting this, stated she did not remember anything relating to the compensation form and what she had told Dodd about it. The testimony, therefore, of Dodd on the subject remains uncontradicted, and the testimony of Ms. Brown does not contradict the positive testimony of the claimant. Harmon v. Deaconess Hospital (Mont. 1981), 623 P.2d 1372, 1374.

We turn now to the language of § 39-71-601(2), MCA, to the effect that the Division may, "upon a reasonable showing by the claimant of lack of knowledge of disability" waive the time requirement up to an additional 24 months. Under the tri-part Bowerman test, here (1) claimant recognized the nature of his injuries, and (2) recognized the seriousness of his injury. The evidence here is clear that he did not recognize, under the third part of the test, the probable compensable character of his injury. Under Bowerman, supra, and Hando, Dodd was entitled to an extension of time from the Division up to 24 months, a time more than sufficient to bring his claim within the statute of limitations.

Since we determine that under our decisions as to the effects of § 39-71-601, MCA, he was entitled to an extension of time, it is not necessary for us to consider whether Champion is equitably estopped from relying on the statute of limitations nor whether the statute was otherwise tolled by Champion's actions or the payments received from TOC.

We determine also that Dodd is entitled to attorney fees both in this appeal and the earlier proceedings. Whether a penalty should attach to it we leave to a future determination of the Workers' Compensation Court on remand.

We make no determination at this stage as to whether Dodd suffered a compensable injury. That will depend eventually on whether there is evidence before the Workers' Compensation Court, including medical testimony, sufficient

to establish compensability.  What we have determined here is that the time period for the filing of Dodd's notice of claim did not begin to run until he as a reasonable man recognized the nature, seriousness and probable compensable character of his latent condition.  Bowerman, supra.

We reverse and remand to the Workers' Compensation Court for further proceedings.

_____
Justice

We Concur,

_____

_____

_____

_____
Justices

- 10 -