No. 90-086

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

JANET ROESSEL,

     Claimant and Appellant,

-v-

RIVENDELL OF BILLINGS,

     Employer,

  and

STATE COMPENSATION INSURANCE FUND,

     Insurer and Respondent.

APPEAL FROM:   Workers' Compensation Court
            The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     Jerrold L. Nye; Nye & Meyer; Billings, Montana

     For Respondent:

     Richard E. Bach; State Compensation Mutual Insurance
     Fund; Helena, Montana

Submitted on Briefs:  May 30, 1990

Decided:  August 9, 1990

Filed:

Clerk

Justice John C. Harrison delivered the Opinion of the Court.

This is an appeal from the Workers' Compensation Court of the State of Montana of a denial of an award of disability benefits by the State Compensation Insurance Fund to the claimant, Janet Roessel. The matter was tried before a hearings examiner, whose proposed findings of fact and conclusions of law were, for the most part, adopted by the Workers' Compensation Court. Those findings adjudged that the claimant was not entitled to workers' compensation benefits on the basis that the employer was not notified of the injury within thirty days of the date of the claimed injury as required by § 39-71-603, MCA. From that denial claimant appeals to this Court. We affirm.

Claimant/appellant presents five issues for review:

1. Did the employer have notice or knowledge of the claimant's injury within 30 days as required by § 39-71-603, MCA?

2. Is the claimant entitled to extend the 30-day notice requirement of § 39-71-603, MCA, due to the latent nature of her injury?

3. Is the claimant entitled to workers' compensation benefits as a result of her injury?

4. Is the claimant entitled to an award of her reasonable attorney's fees?

5. Is the claimant entitled to a twenty percent increase in her workers' compensation benefits under § 39-71-2907, MCA?

Claimant's employment with Rivendell of Billings began in March, 1987. She was employed by Rivendell as a cook and kitchen helper. While working at Rivendell sometime in the latter part of June, 1988, claimant allegedly slipped and fell in a puddle of water which had accumulated near a salad bar in the dining area. Claimant alleges that when she fell she hit her head and neck against a concrete pillar. Several co-workers witnessed her slip and fall and the lead cook and part-time supervisor knew of her fall.

At the time claimant submitted her claim with the Workers' Compensation Court, August 1, 1988, claimant gave the date of her injury as being July 1, 1988. It was not until sometime later, after depositions were taken, that it was determined that July 1, 1988 was not the proper date of the claimed injury and that the most likely date was June 24, 1988. This date was determined by reviewing Rivendell's time records which showed that June 24, 1988 was the only date in approximately a two-week period when the various persons who testified were all working with claimant on the same shift.

At the time of trial, evidence was presented by the State Fund which refuted the claim that claimant could have injured her head and neck. The three witnesses who saw the claimant fall each testified that the claimant was facing the pillar at the time she fell and that when she was helped up, or got up, her feet were pointed toward the pillar and her head was in the opposite direction. After she arose and went about her duties she did not

tell any of her co-workers that she had injured her head and neck in the fall.

Claimant did not provide actual notice to Rivendell or her supervisor that an accident had occurred until sometime in August, 1988. Testimony was given which revealed that on June 30, 1988, approximately one week after the claimant's alleged slip and fall incident, a staff meeting was held. Claimant was present at that staff meeting and safety concerns and work-related accidents were discussed at the meeting. At that June 30, 1988 staff meeting claimant did not mention the incident of June 24, 1988 to her supervisor.

After claimant started her employment with Rivendell in March of 1987, she began having problems with her arms, and she experienced burning and numbness in her body. Claimant sought treatment for this condition in the latter part of 1987. Claimant's co-employees and her supervisor testified that she continued to complain about her arms up until the time of the slip and fall incident in June, 1988. The record indicates that in early April, 1988, some two and one-half months prior to the accident, the claimant informed her employer that she was unable to attend a staff meeting because of a doctor's appointment to test her arms.

On July 7, 1988, claimant sought medical treatment from Dr. Espinoza, but failed to mentioned to him any problems with headaches, bruising, or pain in her neck or back resulting from a fall. She did mention to Dr. Espinoza that she had a developing

problem in coordination and pain with her right arm. Claimant was later seen by Dr. Buchanan at a local hospital emergency room, but did not mention to him that she had slipped and fallen at work striking her head or back.

The claimant called Milford Burke, her supervisor, on July 12, 1988, to tell him that she could not come to work and she has not worked since that date. Later in July, 1988, claimant twice saw Dr. R.A. Nelson. During the initial visit, the claimant denied any trauma or injuries to her head, neck or back, and never informed the doctor of the incident at work after she was informed of the findings pertaining to her x-rays. Claimant was referred by Dr. Nelson to Dr. James Johnson, a neurologist in August of 1988, and that was the first time the medical records indicate that she told the doctor of striking her head on a pillar while at work at Rivendell.

The first notice that the employer or insurer had of the claimant's slip and fall incident was on or about August 10, 1988. This came about while claimant was awaiting surgery in a hospital and she told a fellow employee that she intended to file a claim. This was reported to her supervisor Mr. Burke. He testified that this was the first time he had heard of claimant's slip and fall.

The claimant's request for benefits was denied by the Workers' Compensation Court on the basis that no notice was given by the claimant to her employer within thirty days of the claimed injury as required by § 39-71-603, MCA.

It is the claimant's position that due to the latent nature

of her injury she was prevented from properly getting notice to her employer. It is interesting to note that even though she had been instructed by Rivendell as to how and when to report any injury, there was no direct action taken by the claimant which gave notice of her injury claim to her employer. It was only through a conversation with a fellow employee just prior to her surgery, which was later reported back to the employer, that Rivendell knew of her pending claim.

Here, the proposed judgment of the Workers' Compensation hearing examiner, which was adopted by the Workers' Compensation Court, only determined that the appellant failed to prove that her employer had either notice or actual knowledge of the alleged accident within thirty days as required by statute.

No findings were made as to whether the claimant actually struck her head and back against the pillar at work as she contends, nor were there findings as to whether the claimant had proven that her medical problems were causally related to the fall at work. There is no question, and it is admitted that she did fall at work. However, the Workers' Compensation Court never established that her fall was the cause of her injury and subsequent surgery.

Five issues are presented on appeal. The controlling issue is whether the employer had notice or knowledge of claimant's injury within 30 days as required by § 39-71-603, MCA. As set forth in this opinion and under the facts in the record before us, the employer did not have notice within 30 days as required by

6

statute and case law. We affirm the decision of the Workers'
Compensation Court.

/s/ John Conway Harrison
Justice

We Concur:

/s/ J. A. Turnage
Chief Justice

/s/ Diane G. Barz

/s/ [signature]

/s/ [signature]
Justices

Justice William E. Hunt, Sr., dissenting:

I dissent. The majority's failure to apply the latent injury doctrine in this case leads to absurd, unjust results.

The facts relating to notice in this case are undisputed. Claimant slipped and fell on June 24, 1988, during the course and scope of employment with Rivendell. Although her fellow employees witnessed the fall, and other employees knew of the fall, her supervisor in charge at the time was unaware of the accident. (It is important to note that the lead cook and part-time supervisor who knew of the accident was not the supervisor in charge at the time of the incident.) The supervisor did not receive notice that claimant had fallen until on or about August 10, 1988, approximately 47 days following the accident.

Claimant's fall did not cause her any immediate pain. Indeed, she did not notice any problems with her arm or leg until approximately eight or nine days later. Because she had had difficulties with her extremities before the accident, she did not attribute the new problems to her fall at work.

Claimant promptly sought medical treatment for the progressive pain in her arm and leg. However, her physical problems were non-specific and difficult to diagnose. Upon the suggestion of one of the nurses at work, claimant made an appointment with a local neurologist. Unfortunately, the earliest appointment she could obtain entailed a two-week wait. When she finally saw the neurologist, he was unable to diagnose her ailment without using medical diagnostic procedures. It was not until the doctor

8

received the results of the diagnostic tests on July 26, 1988, that he was able to diagnose claimant's problems as stemming from a disc protrusion and herniation in her back.

The neurologist referred claimant to a neurosurgeon. After the neurosurgeon told her that her condition would most likely have been caused by a car accident or fall, claimant connected her injury with the slip and fall of June 24.

In Bowerman v. Employment Sec. Comm'n, 207 Mont. 314, 673 P.2d 476 (1983), we held that the one-year statute of limitations for filing written workers' compensation claims found in § 39-71-601, MCA, should be tolled for latent injuries. We stated,

> [S]ection 39-71-601, MCA, should be interpreted, in cases of latent injury, so that the time period for notice of claim does not begin to run until the claimant, as a reasonable man, should recognize the nature, seriousness and probable, compensable character of his latent injury.

Bowerman, 207 Mont. at 319, 673 P.2d at 479.

The same test should apply to the 30-day notice period provided in § 39-71-603, MCA, the statute the majority relies on to bar claimant's claim in this case.

The purposes behind § 39-71-603, MCA, which requires an employee promptly to give notice of an injury to her employer, are twofold. First, early notice enables the employer to provide immediate medical diagnosis and treatment in order to minimize the seriousness of the injury. Second, early notice facilitates investigation of the facts surrounding the injury.

In the present case, the employer was not prejudiced by the delay in notice. Claimant received prompt medical attention for

her injuries. Furthermore, claimant's supervisor admitted that the delay did not hamper his investigation of the accident. Therefore, the stringent adherence to the 30-day rule serves unjustly to deny claimant benefits to which she may be entitled. Such a result is intolerable. It requires a claimant to speculate as to the seriousness of any trauma she may encounter on the workplace regardless of how trivial the incident may seem at the time.

Not all injuries manifest themselves within 30 days. In many cases, the manifestation of pain or other physical ailment may have a number of causes that may take time to sort out. Therefore, the Bowerman approach presents a much more rational answer to the problems inherent in latent injuries. It does not require a claimant to do more than is reasonable under the circumstances. It tolls the notice provisions until the claimant, under an objective standard, recognizes the nature, seriousness and probable compensable character of her injury.

In the present case, claimant did not realize the nature, seriousness and probable compensable character of her injury until 30 days after the accident occurred. She suffered no immediate pain from the fall. When the injury began to manifest itself, it was through pain and loss of strength and coordination in the right hand and leg, non-specific types of complaints that took time to diagnose. By the time the injury was diagnosed by her neurologist, the 30-day period had expired.

The majority opinion should serve as a warning to all employees. Immediately inform your employer of all on-the-job

incidents, no matter how trivial or inconsequential. Unless you notify the employer of every bump, scrape, bruise or hangnail, you may forfeit your right to compensation.

I would reverse the Workers' Compensation Court on this issue.

_____
Justice

Justice John C. Sheehy:

I concur in the dissent of Justice Hunt.

_____
Justice

11