*179 JUSTICE HUNT,
dissenting:
I dissent. The majority’s failure to apply the latent injury doctrine in this case leads to absurd, unjust results.
The facts relating to notice in this case are undisputed. Claimant slipped and fell on June 24, 1988, during the course and scope of employment with Rivendell. Although her fellow employees witnessed the fall, and other employees knew of the fall, her supervisor in charge at the time was unaware of the accident. (It is important to note that the lead cook and part-time supervisor who knew of the accident was not the supervisor in charge at the time of the incident.) The supervisor did not receive notice that claimant had fallen until on or about August 10, 1988, approximately 47 days following the accident.
Claimant’s fall did not cause her any immediate pain. Indeed, she did not notice any problems with her arm or leg until approximately eight or nine days later. Because she had had difficulties with her extremities before the accident, she did not attribute the new problems to her fall at work.
Claimant promptly sought medical treatment for the progressive pain in her arm and leg. However, her physical problems were non-specific and difficult to diagnose. Upon the suggestion of one of the nurses at work, claimant made an appointment with a local neurologist. Unfortunately, the earliest appointment she could obtain entailed a two-week wait. When she finally saw the neurologist, he was unable to diagnose her ailment without using medical diagnostic procedures. It was not until the doctor received the results of the diagnostic tests on July 26, 1988, that he was able to diagnose claimant’s problems as stemming from a disc protrusion and herniation in her back.
The neurologist referred claimant to a neurosurgeon. After the neurosurgeon told her that her condition would most likely have been caused by a car accident or fall, claimant connected her injury with the slip and fall of June 24.
In Bowerman v. Employment Sec. Comm’n, 207 Mont. 314, 673 P.2d 476 (1983), we held that the one-year statute of limitations for filing written workers’ compensation claims found in § 39-71-601, MCA, should be tolled for latent injuries. We stated,
“[Sjection 39-71-601, MCA, should be interpreted, in cases of latent injury, so that the time period for notice of claim does not begin to run until the claimant, as a reasonable man, should recognize the nature, *180 seriousness and probable, compensable character of his latent injury.”
Bowerman, 207 Mont. at 319, 673 P.2d at 479.
The same test should apply to the 30-day notice period provided in § 39-71-603, MCA, the statute the majority relies on to bar claimant’s claim in this case.
The purposes behind § 39-71-603, MCA, which requires an employee promptly to give notice of an injury to her employer, are twofold. First, early notice enables the employer to provide immediate medical diagnosis and treatment in order to minimize the seriousness of the injury. Second, early notice facilitates investigation of the facts surrounding the injury.
In the present case, the employer was not prejudiced by the delay in notice. Claimant received prompt medical attention for her injuries. Furthermore, claimant’s supervisor admitted that the delay did not hamper his investigation of the accident. Therefore, the stringent adherence to the 30-day rule serves unjustly to deny claimant benefits to which she may be entitled. Such a result is intolerable. It requires a claimant to speculate as to the seriousness of any trauma she may encounter on the workplace regardless of how trivial the incident may seem at the time.
Not all injuries manifest themselves within 30 days. In many cases, the manifestation of pain or other physical ailment may have a number of causes that may take time to sort out. Therefore, the Bowerman approach presents a much more rational answer to the problems inherent in latent injuries. It does not require a claimant to do more than is reasonable under the circumstances. It tolls the notice provisions until the claimant, -under an objective standard, recognizes the nature, seriousness and probable compensable character of her injury.
In the present case, claimant did not realize the nature, seriousness and probable compensable character of her injury until 30 days after the accident occurred. She suffered no immediate pain from the fall. When the injury began to manifest itself, it was through pain and loss of strength and coordination in the right hand and leg, non-specific types of complaints that took time to diagnose. By the time the injury was diagnosed by her neurologist, the 30-day period had expired.
The majority opinion should serve as a warning to all employees. Immediately inform your employer of all on-the-job incidents, no *181 matter how trivial or inconsequential. Unless you notify the employer of every bump, scrape, bruise or hangnail, you may forfeit your right to compensation.
I would reverse the Workers’ Compensation Court on this issue.
JUSTICE SHEEHY concurs in the dissent of JUSTICE HUNT.