No.  89-571

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

_____

DENNIS HUETH,
      Petitioner and Appellant,
-vs-
MARK JOHNSON MASONRY\STATE COMPENSATION
INSURANCE FUND,
      Employer\Defendant and Respondent.

_____

APPEAL FROM:    Workers' Compensation Court
                The Honorable Timothy Reardon, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                James D. McKenna
                Bozeman, Montana

        For Respondent:

                Mike McCarter
                Helena, Montana

_____

Submitted:  March 8, 1990

Decided:  October 30, 1990

FILED
'90 OCT 30  AM 10 45
ED SMITH, CLERK
MONTANA SUPREME COURT
Filed:

_____
                                                    Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

This appeal involves an application by Dennis Hueth to the former division of Workers' Compensation, Department of Labor and Industry, for a waiver of the 12-month statute of limitations applicable to the filing of a Workers' Compensation claim. Section 39-71-601, MCA. On July 30, 1987, the Division issued an order denying the application for waiver. Eventually the Workers' Compensation Court on appeal affirmed the denial of the application. Dennis Hueth has appealed from the decision of the Workers' Compensation Court. On consideration, we reverse.

Hueth alleged that he suffered a compensable work-related injury in January, 1986, while employed by Bronken's Distributing, whose compensation insurer at the time was the Orion Group. His employment with Bronken's continued until the end of February, 1986, when he was laid off. He went to work in early March, 1986, for Mark Johnson Masonry and worked there for approximately a week and a half. Hueth alleges that he aggravated the injuries to his knees while working for Mark Johnson Masonry, citing at least two separate instances of aggravation. He alleges that the aggravating instances occurred on March 7, 1986.

Hueth retained the services of Attorney Jerry Bechhold (an attorney later disbarred by this Court) to represent him in his Workers' Compensation claims. One of those claims was pursued before the Division and later in the Workers' Compensation Court against Bronken's Distributing. While that claim was pending, on June 1, 1987, Hueth filed a Workers' Compensation claim respecting

2

his alleged injuries at Mark Johnson Masonry. On July 13, 1987, he made application to the Division for a waiver of the 12-month statute of limitations in § 39-71-601, MCA, pursuant to the power given in that statute to the Department to waive the time requirements up to an additional 24 months. On July 30, 1987, the Division denied his application for waiver. No appeal was taken from that decision.

In the meantime, in the parallel action relating to Bronken's Distributing, to which the State Fund had been made a party, the Workers' Compensation Court dismissed the claim against the State Fund, the insurer for Mark Johnson Masonry, based on the denial of the application for waiver entered by the Division. On August 19, 1987, the Workers' Compensation Court granted the motion of the State Compensation Insurance Fund to dismiss.

Hueth thereafter pursued his claim against Bronken's Distributing, and its insurer, the Orion Group. On December 11, 1987, the Workers' Compensation Court dismissed that claim upon the grounds that Hueth had failed to notify his employer, Bronken's Distributing, of his injury as required by § 39-71-603, MCA. While the Workers' Compensation Court gave the failure to notify the employer as grounds for its decision dismissing Hueth's claim, it is apparent from the findings that the Court had considerable doubt that Hueth's claim against Bronken's had occurred on the day and in the way that Hueth had alleged.

The claim against Bronken's and Orion was dismissed on December 11, 1987.

On February 29, 1988, when Hueth was represented by a new attorney, Michael Sand, he filed a petition for a contested case hearing respecting his application for waiver of the one year filing requirement. This hearing was held before a hearing examiner appointed by the Division, who entered findings of fact and conclusions of law on July 28, 1988. Hueth appealed from the adverse decision in that order to the Workers' Compensation Court, where it was discovered that the Division's recording of the hearing had been misplaced. The Workers' Compensation Court entered an order remanding the matter to the Division for a new hearing.

The second hearing was held before the hearing examiner in Bozeman on January 5, 1989. At that time, claimaint was represented by another attorney, James McKenna. After the hearing, the hearing examiner filed findings of fact, conclusions of law and a final order, which was adopted by the Division, and which denied relief from the agency decision respecting the waiver.

Hueth went again before the Workers' Compensation Court on an appeal from the decision in his contested case, and again, the Workers' Compensation Court upheld the denial of the waiver. It is from that order of the Workers' Compensation Court that this appeal ensued.

In essence, Hueth alleges that he injured his knees in January of 1986, while delivering kegs of beer during his employment with Bronken's Distributing. He further claims that on or about March 7, 1986, he aggravated the injuries to his knees while working for

4

Mark Johnson Masonry, citing at least two separate instances of aggravation.

He did not file a Workers' Compensation claim respecting the injuries at Mark Johnson Masonry until June 1, 1987, 15 months after the alleged instances of aggravation.

In his testimony before the hearing examiner respecting the denial of his requested waiver, Hueth testified that he had related the alleged aggravations of his knee injuries at Mark Johnson Masonry to his attorney Jerry Bechhold in April, 1986, but he claimed that he had not realized until April 24, 1987, when his physician's deposition was taken, that an aggravation of a pre-existing injury was "compensable" under the Workers' Compensation laws. He alleges that the failure to file a claim against Mark Johnson Masonry within a year of his aggravation is the fault of his former attorney Bechhold and although he filed an affidavit stating otherwise, that he was merely following Mr. Bechhold's instructions in not pursuing his claim against Mark Johnson Masonry.

Bechhold himself testified at the hearing that he was aware of the alleged aggravations in April, 1986, and that he had advised Hueth at that time that Hueth had a possible claim against Mark Johnson Masonry. He testified that Hueth had a hard time understanding Workers' Compensation matters and may not have fully understood his rights.

Hueth's contentions on which he requests reversal are, first, that he was unaware that the injury he sustained at Mark Johnson

Masonry was a compensable injury and, second, that his attorney, Bechhold, failed to pursue that claim until after the 12-month period had ended, although Bechhold knew about the injury at Mark Johnson Masonry shortly after it occurred. Because there is no dispute as to the facts in this case, he contends that the standard of review in this Court is whether the Workers' Compensation Court's interpretation of the law is correct, and that this Court is free to reach its own conclusions about the proper application of law to the facts of the case. Wassberg v. Anaconda Copper Company (1985), 215 Mont. 309, 697 P.2d 909; Solheim v. Tom Davis Ranch (1984), 208 Mont. 265, 677 P.2d 1034.

The State Fund, on the other hand, contends that Hueth's appeal is blocked because he did not request a contested case hearing before the Division following the denial of his application for waiver under Division rules then promulgated by the Division, and secondly, that his lack of knowledge of his specific legal remedies and the neglect of his own counsel are not grounds for waiving the one-year statute of limitations.

As the Workers' Compensation Court noted, this Court has tolled the statute of limitations in cases of latent injury, Bowerman v. State Compensation Fund (1983), 207 Mont. 314, 673 P.2d 476; and when there is estoppel based on the employer's conduct, Davis v. Jones (1983), 203 Mont. 464, 661 P.2d 859. Here, Hueth relies on other circumstances which may have tolled the statute as this Court stated in Bowerman:

> It is not exclusively evident that in enacting Subsection (2) of section 39-71-601, MCA, the legislature was acting

6

only with respect to latent injuries unsuspected by claimant. The language of Subsection (2) is broad and <u>could encompass any number of situations where in equity the Division would be moved to extend the time for filing the notice of claim up to the 24 months provided.</u> . . .

207 Mont. at 318, 319, 673 P.2d at 478.

The pertinent statute, as it existed at the time of Hueth's injury read as follows:

> 39-71-601. **Statute of limitations on presentment of claim--waiver.** (1) In case of personal injury or death, all claims shall be forever barred unless presented in writing to the employer, the insurer, or the division, as the case may be, within 12 months from the date of the happening of the accident, either by the claimant or someone legally authorized to act for him in his behalf.
>
> (2) The division may, upon a reasonable showing by the claimant of lack of knowledge of disability, waive the time requirement up to an additional 24 months.

In Dodd v. Champion International Corporation, (1989), 239 Mont. 236, 238, 779 P.2d 901, 903, we stated with respect to subdivision (2) of § 39-71-601, MCA:

> In <u>Bowerman</u>, this Court established a three-part analysis to determine whether the one year statute had been tolled and the time for filing should be extended by the Division: first, did the claimant recognize the nature of his injuries? Secondly, did the claimant recognize the seriousness of his injury? Thirdly, did the claimant recognize the probable, compensable character of his injury? <u>Bowerman</u>, 673 P.2d at 479.

In determining, whether under <u>Bowerman</u>, the time for filing his claim should have been extended by the Division, we find the evidence shows that the claimant recognized the nature of his injury, and that he also recognized the seriousness of his injury. It is the third requirement, whether he recognized the probable, compensable character of his injury, to which we must address our attention.

7

The difficulty for us, and for the Workers' Compensation Court and indeed the hearing examiner, was the competency of the attorney, Jerry Bechhold, who was representing Hueth at the time. In this connection, the findings of the hearing examiner are important:

10. While Mr. Bechhold testified that he now is of the opinion that Claimant suffered an aggravation of a pre-existing injury while working for Mark Johnson Masonry, he could not recall what his belief was back in 1986 and could not recall whether in 1986 he was familiar with Workers' Compensation Court decisions dealing with aggravation.

11. Assessing the witnesses and the circumstances of this case, it is doubtful to the hearing examiner that Mr. Bechhold understood that aggravations of pre-existing injuries were compensable under Montana Workers' Compensation law or that he properly advised Mr. Hueth of his potential claims against Mark Johnson Masonry and its insurer. It appears more likely, based upon a reading of the pleadings in the Workers' Compensation Court case and Dr. Anderson's deposition, that Mr. Bechhold was belatedly alerted to the possibility of a claim against Mark Johnson Masonry by Steve Carey, the attorney for the insurer against whom Claimant was pursuing a claim in early 1987.

Nevertheless, the hearing examiner denied Hueth's claim for a waiver, and the examiner's decision was adopted by the Division. When the matter was appealed by Hueth from the Division decision to the Workers' Compensation Court, that court took the position that Hueth's failure to understand legal theories did not of itself toll the statute. The court stated:

Clearly, Bechhold and Hueth knew of the claimant's knee problem in 1986 and his employment history in 1986. Claimant's failure to understand legal theories of compensability will not in and of itself toll the statute. (Citing cases.)

8

The Workers' Compensation Court then went on to hold that the failures of Bechhold as an attorney for Hueth were attributable to Hueth under Ricks v. Teslow Consolidated (1973), 162 Mont. 469, 512 P.2d 1304. The Workers' Compensation Court noted that the attorney's failures were also that Bechhold failed to file a claim for compensation against Mark Johnson Masonry, he failed to seek a contested case hearing before the Division to extend the time, he failed to timely appeal the Division order and he pursued the case with Hueth in full support against Bronken's Distributing.

In the light of the findings of the hearing examiner, however, since Bechhold himself apparently did not understand the Workers' Compensation law, it cannot successfully be asserted that Hueth, as a claimant, met the third part of the Bowerman test, that he recognized the probable compensable character of his injury, as against Mark Johnson Masonry. Under the findings, Hueth obviously did not recognize the probable compensable character of his injury. Under these circumstances, the Workers' Compensation Division should have granted a waiver under § 39-71-601(2), MCA, when the filing was only three months past the 12-month statutory deadline, and where the Division had discretion to extend the time for an additional 24 months.

The State Fund has also argued that since Hueth did not file a request for a contested case hearing within 90 days of the adverse decision of the Division denying waiver, that such failure precludes a court review of the substance of his case. The State Fund cites Division Rule § 24.29.215 A.R.M., which was effective

9

July 31, 1987, one day after the Division denied Hueth's waiver request. The State Fund may not rely on this administrative rule, however, for the reason that the Division did not rely on it. The hearing examiner noted the provisions of § 24.29.215 A.R.M., but stated that instead of relying on the rule, "the Division intends to make a full record for further review." In addition, subdivision (4) of the administrative rule provides that the time limits for request from a contested case hearing may be extended by the Division for good cause. The same reasons on which we have determined that the 12-month statute of limitations for filing a claim should have been waived by the Division are the same reasons why the Division would have had to extend the time for a contested case hearing request. The result would be the same in any event. The administrative rule does not affect the jurisdiction of the Workers' Compensation Court to determine disputes as to workers' benefits under § 39-71-2905, MCA, nor the power of this Court to affirm, reverse or modify the decisions of the Workers' Compensation Court on appeal. Section 39-71-2904, MCA and § 3-2-204, MCA.

We therefore reverse the Workers' Compensation Court in this matter. The cause is remanded to the Workers' Compensation Court for such other proceedings relating to the compensability of Hueth's claim, as may be required, without regard to the provisions of § 39-71-601, MCA.

_John C. Sheehy_
                                              Justice

10

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_William E. Hunter_

_R. C. McDonough_

_____
Justices

11

Justice Diane G. Barz dissenting.

I dissent.

The majority opinion states that the difficulty for the Workers' Compensation Court and for this Court was the competency of the claimant's attorney. That was not the only difficulty. Another difficulty was the claimant's credibility on whether he suffered a work-related injury at all on January 2, 1986, let alone aggravated the injury on March 7, 1986, while working several days at Mark Johnson Masonry. The findings of fact of the Workers' Compensation Court dated December 11, 1987, state as follows:

### January 2, 1986 Incident

3. On January 2, 1986, claimant alleges he injured his knees while delivering kegs of beer down the stairs at the Zoo Bar in Bozeman, Montana. He felt that ". . . going down the stairs had just aggravated them to the point where they started hurting more." (Transcript at 15, 16; Hueth April Deposition at 85.)

4. Following the alleged January 2, 1986 injury, the claimant continued to work throughout the entire months of January and February without missing any work until he was laid off on February 28, 1986. (Transcript at 39.)

5. Claimant did not seek any medical treatment for his alleged injury at Bronken's Distributorship. He did not take any medication for this alleged injury. He would have continued working if he had not been laid off. (Transcript at 40; Bronken Deposition at 38.)

6. Records of business transactions with the Zoo Bar, kept in the ordinary course and scope of business at Bronken's Distributorship show there were no deliveries to the Zoo Bar on January 2. There were no deliveries to the Zoo Bar from Bronken's between November 21,

12

1985 and January 8, 1986. (Exhibit No. 4.) The Zoo Bar is a college-oriented bar which is essentially closed for Christmas break. (Transcript at pages 56-58.)

7. Every transaction involving the sale or exchange of kegs of beer by Bronken's employees requires that an invoice be made. There was no evidence, by way of invoice or other document, to show a delivery to the Zoo Bar on January 2, 1986. (Transcript at 58, 59, 66.)

8. Claimant's uncorroborated testimony that he delivered kegs to the Zoo Bar on January 2, 1986, is not persuasive.

### Notice

9. The claimant wrote on his claim for compensation which was received by the insurer on April 14, 1986, that <u>he had not notified</u> his employer of the alleged injury. After the phrase, "Who did you notify?", the claimant wrote in "no one." (Transcript at 32, Exhibit No. 1.) Claimant, in his first deposition, stated that he <u>did not notify anyone</u> at Bronken's about the alleged injury. (Hueth April Deposition at 85; Transcript at 20, 32.) After stating on his claim for compensation that no notice was given and in his first deposition, the claimant then filed an Affidavit to Modify Deposition Testimony which was dated July 10, 1987. The Affidavit stated the claimant had given Peter Bronken notice of the alleged injury three to five days after it occurred. (Transcript at 33.)

10. Claimant believes that he told Bronken about the injury as ". . . kind of a passing thing." (Transcript at 16.)

11. Claimant's testimony is that he was confused and nervous when he had written and stated that he had not given notice to his employer. The claim form was submitted on April 11, 1986, over three months after the alleged injury and <u>after</u> he retained counsel. (Transcript at 37, 38.)

12. Claimant had filed previous workers' compensation claims, including one for an

13

injury which occurred on October 15, 1985. This claim was filed two and one-half months prior to the alleged injury of January 2, 1986. (Transcript at 36, 37.)

13. Peter Bronken, who was a credible witness, testified that he first learned of the alleged injury on March 21, 1986 in a phone call to his business while he was out of state. (Transcript at 60; Bronken Deposition at 16, 17.)

14. Claimant did not report to Peter Bronken that he had suffered a knee injury on January 2, 1986, or at any time during January or February of 1986. No other employees of Bronken reported that Hueth had suffered a knee injury. (Transcript at 55.) Claimant has made no statement that he notified any other supervisor at Bronken's Distributorship and there is no evidence otherwise.

15. Bronken filed an employer's first report and indicated that he had no notice of the alleged injury. (Transcript at 61.)

16. On page two of the accident history taken in a chiropractor's office and signed by the claimant, it is indicated that the claimant had notified his employer of the alleged injury on <u>March 3, 1986</u>. On that date claimant was not employed at Bronken's. (Hueth Deposition at 87.) (Emphasis in original.)

The claimant clearly had knowledge about filing claims prior to the January 1986 alleged injury. He is a man with several years of college. When the claimant filed seeking a waiver on January 13, 1987, he submitted an affidavit in which he disavowed any claim against Mark Johnson Masonry. In it he stated:

1. It has always been my position that Mark Johnson Masonry is not the proper party with respect to my industrial injury. That I have always believed that Bronkens [sic] Distributorship is responsible for my industrial injury. Therefore, at the time that I filed my Claim Form 54 against Bronkens [sic] Distributorship, I did not file a Claim

14

Form 54 against Mark Johnson Masonry. However, subsequent to my filing my Form 54 I have learned that possibly Mark Johnson Masonry could be responsible for my industrial injury. Said responsibility is premised upon the fact that at the time I realized I could no longer work, I was employed by Mark Johnson Masonry and not Bronkens [sic] Distributorship. However, it is still my position and will always be my position that Bronkens [sic] Distributorship is the party responsible for my industrial injury. However, at this time I would request that I be allowed to file a Claim Form 54 so that the Workers' Compensation Judge may make a decision with respect to the liability of Mark Johnson Masonry and Bronkens [sic] Distributorship.

I declare the above to be true and correct under penalty of perjury.

In the deposition taken April 20, 1987, the claimant testified that he was never injured on the job while working for Mark Johnson Masonry which contradicts his later testimony that he had suffered such injuries and told attorney Bechhold about them.

The applicable statute at the time of injury, § 39-71-601, MCA (1985), provided:

(2) The division may upon a <u>reasonable showing by the claimant of lack of knowledge of disability</u>, waive the time requirement up to an additional 24 months. (Emphasis added.)

The hearing examiner and the Workers' Compensation Court have not erred in consistently rejecting this claimant's contentions that the statute should be waived.

_____
Justice

15